UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL FIORITO,                                    Case No. 22-CV-0923 (PJS/TNL)

   Plaintiff,

v.                                                                      ORDER

MR. DRUMMY, et al.,

   Defendants.

---

MICHAEL FIORITO,                                    Case No. 22-CV-0925 (PJS/TNL)

   Plaintiff,

v.

MR. LILO, et al.,

   Defendants.

---

MICHAEL FIORITO,                                    Case No. 22-CV-0927 (PJS/TNL)

   Plaintiff,

v.

HEATHER KENSY, et al.,

   Defendants.

---

MICHAEL FIORITO,                                      Case No. 22-CV-2128 (PJS/TNL)

          Plaintiff,

v.

JENEFER SOUTHWICK, et al.,

          Defendants.

These matters are before the Court on a number of miscellaneous motions filed by plaintiff Michael Fiorito.  For the reasons that follow, the motions are denied.

First, Fiorito's various requests and motions for free copies of documents that he has filed with the Court, as well as his alternative requests that defense counsel be compelled to provide him copies of such documents, are denied.  Litigants, even litigants proceeding *in forma pauperis* ("IFP"), are not generally entitled to free copies of documents that they themselves have filed with the Court.  *See* 28 U.S.C. § 1915(c) (detailing the expenses for which courts may authorize payment for litigants proceeding IFP); *Fiveash v. Tom Green Cnty.*, 30 F.3d 1493, 1994 WL 398466, at *1 (5th Cir. 1994 (per curiam) (unpublished table disposition) ("There is no provision in the [IFP] statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (IFP status "does not give the litigant a right to have documents copied and returned to him at government expense") *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL

-2-

2799155, at *1 (D. Minn. June 28, 2017) ("An IFP litigant is not entitled to free copies of documents that he submitted to the Court."); *see also Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) (per curiam) ("While indigent prisoners in a habeas case who have been granted in forma pauperis status are entitled to obtain certain documents without cost, copies of documents generated by the petitioner and filed by him previously in the case would not be included." (citation omitted)).

Fiorito is not proceeding *in forma pauperis* and has already been provided information concerning the cost to obtain copies of his filings. Fiorito contends that he cannot pay for copies because it takes two months to send money from an inmate account to the Court. This has not been the Court's experience with the Bureau of Prisons, but regardless, there is no indication that Fiorito has attempted to pay for copies and been stymied by any delay in issuing payment.[1] Moreover, he sent his first request for copies nearly two months ago, and he therefore has had ample time to pay for them. Fiorito's motions for copies are therefore denied and any further such motions will be summarily denied.

---

[1]The Court notes that, even if Fiorito had some theoretical entitlement to free copies of his filings, he has not shown that they are necessary. In Case Nos. 22-CV-0923, 22-CV-0925, and 22-CV-0927, Fiorito contends that he needs copies in order to respond to defendants' reply brief. The Local Rules of this District do not authorize surreply briefs, however. D. Minn. L.R. 7.1(c). With respect to Case No. 22-CV-2128, Fiorito has not shown that he needs any of his previous filings in that case to respond to defendants' pending motion.

Second, Fiorito's various motions to compel defense counsel to produce proof of

her authorization from the Department of Justice to represent defendants in these cases

are denied.  *See Odeh v. Mitchell*, No. CIV A 4:07-CV-0411-L, 2008 WL 4387082, at *7

(N.D. Tex. Sept. 25, 2008) (holding that the plaintiff was not entitled to demand proof of

Department of Justice authorization).

#### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the following motions are DENIED:

1.      Case No. 22-CV-0923, ECF Nos. 70–71;

2.      Case No. 22-CV-0925, ECF Nos. 55–57;

3.      Case No. 22-CV-0927, ECF Nos. 73–75;

4.      Case No. 22-CV-2128, ECF Nos. 35–36.

Dated: February 27, 2023                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court